# UNITED FLOUR COMPANY v. LUIZZA BROTHERS

(May 24, 1926. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Evidence—Par. 60, 351.**

Plaintiff failed to prove his case by a preponderance of the evidence. The judgment against him is therefore affirmed.

Appeal from First City Court. Hon. Val J. Stentz, Judge.

Action by United Flour Company against Luizza Brothers.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. Warren Woodville, of New Orleans, attorney for plaintiff, appellant.

J. C. Henriques, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for $162.50, the price of fifty sacks of Velvet flour, which the plaintiff alleged he sold and delivered to the defendants, who had not paid for them.

Defendants deny all the allegations of plaintiff's petition.

They aver that on October 1, 1925, plaintiff, Peter Guarino, was operating under the name of the United Flour Co., and occupied the same office with C. J. Morrison; that Guarino was the agent for the Full-Strength flour, while Morrison represented the Walnut Creek Milling Company, selling the "Velvet Flour"; that on October 1 one of the defendants, Philip Luizza, went to the office occupied by Guarino and Morrison; that he purchased from Guarino 50 sacks of "Full-Strength Flour" for $165.00 and from Morrison 50 sacks of Velvet for $162.00; that the 100 sacks were delivered to him by dray tickets in the name of the United Flour Company; that they paid $165.00 for the 50 sacks of Full-Strength flour purchased from it, and they paid Morrison $162.50 for the 50 sacks purchased from it; they deny that they purchased from the plaintiff any more than the 50 sacks of Full-Strength which they paid in January, 1924.

There was judgment in favor of defendants and plaintiff has appealed.

The sole question is from whom did the defendants purchase the Velvet flour sued for, from plaintiff or from Morrison?

The evidence satisfies us that the plaintiff who was established in business in this city received in his office two Morrison brothers and extended to them facilities for carrying on the business of selling flour and particularly the "Velvet" brand, and that in a short time the Morrison brothers became involved in financial transactions with Guarino; that the defendants, in plaintiff's office, did purchase from the plaintiff 50 sacks of Full-Strength flour, for which they paid him $165.00; that on the same day the defendants purchased also from the plaintiff 50 sacks of Velvet flour for $162.50, which they paid to the Morrison brothers; that all the flour, the 100 sacks, was delivered by the plaintiff to the defendants, and that the Velvet flour was the property of the Morrison brothers. The plaintiff contends that he bought the flour from the Morrison brothers; they deny it. The Morrison brothers represented the Walnut Creek

Milling Company, who were the owners of the flour.

The learned trial judge solved the difficulties of the question in his concluding questions to Guarino as follows:

"Q. Where did you get the fifty sacks of flour (Velvet)?
"A. From Morrison.
"Q. Who shipped it here?
"A. The Walnut Creek Milling Company.
"Q. Did you pay the Walnut Creek Milling Company?
"A. No, sir.

By Mr. Woodville:

"Q. You bought it from Morrison?
"A. Yes.
"Q. Why did you not pay Morrison?
"A. Because they owed me money."

Carl. L. Morrison swears that the flour "was not sold to Guarino; it was sold to Luizza", and "that Luizza paid them for the flour, and that he did not owe Guarino a nickel".

It seems to us that Guarino considered himself a creditor of the Morrisons; that after he got from them 5 sacks of Velvet flour which he sold to Luizza he conceived the idea of collecting a part of what they owed him 'by treating the 50 sacks as a part payment and collecting and appropriating the price for themselves. To this proceeding the Morrisons did not agree and they took prior steps to collect the price themselves from Luizza.

But we are not satisfied that the Morrisons gave this flour to Guarino in part payment of what they owed him or that Guarino ever bought or owned the flour. He admits himself that he did not pay for it. A judgment rejecting his claim will not do him any injury, as he will still have recourse against the Morrisons, if they are indebted to him. But a judgment against the Luizzas would certainly work a hardship against them by making them pay twice.

We believe the judgment appealed from is correct and it is therefore affirmed.